IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORI FERGUSON,<br>    Plaintiff | )<br>)<br>) | |
| v. | ) | 1:25-cv-63 |
| LAKESHORE COMMUNITY SERVICES, INC.,<br>    Defendant | )<br>)<br>)<br>) | Electronically Filed |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 *et seq.*, Defendant Lakeshore Community Services, Inc., files this Notice of Removal to remove this civil action from the Court of Common Pleas of Erie County, Pennsylvania to the United States District Court for the Western District of Pennsylvania, and states as follows:

### PROCEDURAL HISTORY AND NATURE OF THE ACTION

1. On or about February 20, 2025, plaintiff Lori Ferguson ("Ferguson" or "Plaintiff") filed, in the Court of Common Pleas of Erie County, Pennsylvania, a Complaint, which was docketed as civil action Case No. 2025-10496 (the "State Court Action"). The Complaint named as the defendant Lakeshore Community Services, Inc. (hereinafter, "Lakeshore Community Services" or "Defendant"). Lakeshore Community Services is the only named defendant in the State Court Action.

2. Pursuant to the State Court Action docket, Lakeshore Community Services was served with the Complaint on February 28, 2025.

3. The Complaint alleges hostile work environment and retaliation arising from Title VII of the Civil Rights Act of 1964, as amended, and the Pennsylvania Human Relations Act demanding compensatory and punitive damages, attorneys' fees, and costs.

**THIS NOTICE OF REMOVAL IS TIMELY**

4. As indicated above, original service of process of this matter was completed on February 28, 2025. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty days after receipt by Lakeshore Community Services of Plaintiff's initial pleading setting forth the alleged claim for relief upon which such action is based.

**BASIS OF REMOVAL**

5. The United States District Court for the Western District of Pennsylvania, Erie Division, is the United States District Court and division embracing the place where the State Court Action is pending as required by 28 U.S.C. § 1551(a).

6. This action is removable to this Court pursuant to 28 U.S.C. § 1441 because this Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1331.

**THIS COURT HAS JURISDICTION UNDER SECTION 1331**

7. Accordingly, this Court has original subject matter jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1331 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e - 2000e-17. Thus, this action may properly be removed to this Court pursuant to 28 U.S.C. § 1441., *et seq*.

**OTHER REMOVAL REQUIREMENTS**

8. Promptly after the filing of this Notice of Removal, Defendant Lakeshore Community Services shall provide notice of the removal to Plaintiff through her attorney of record in the State Court Action and to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

9. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and filings received by Lakeshore Community Services or available from the Court of Common Pleas of Erie County, Pennsylvania are attached hereto as Exhibit A.

10. Defendant Lakeshore Community Services reserves all rights, defenses, and objections to the Complaint and Plaintiff's allegations and claims. The filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

WHEREFORE, Defendant Lakeshore Community Services, Inc. hereby removes this civil action to the United States District Court for the Western District of Pennsylvania.

Respectfully submitted,

*/s/ Jamie R. Schumacher*
Jamie R. Schumacher
PA Bar ID No. 318873
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7613
FAX (814) 454-4647
jschumacher@mijb.com

Attorneys for Defendant,
   Lakeshore Community Services, Inc.

Dated:  March 10, 2025

1918779

**CERTIFICATE OF SERVICE**

I certify that on March 10, 2025, the foregoing Notice of Removal was filed electronically with the Clerk of Court, using the CM/ECF system. Notice of this filing will be sent to all parties who have appeared of record by operation of the Court's ECF system and constitutes service of this filing under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. Those parties may access this filing through the Court's ECF system.

I further certify that the foregoing Notice of Removal, with accompanying exhibit, was served as indicated upon the following addressed as follows, this 10th day of March, 2025:

*Via First-Class United States Mail and Electronic Mail*
Timothy D. McNair, Esquire
McNair Law Offices, PLLC
821 State Street
Erie, PA 16501
tmcnair@mcnairlaw.com

*Via Electronic Filing*
Prothonotary of the Court of Common Pleas
  of Erie County, Pennsylvania
140 West Sixth Street
Erie, PA 16501


　　　　　　　　　　　　　　　　　　　　*/s/ Jamie R. Schumacher*
　　　　　　　　　　　　　　　　　　　　　Jamie R. Schumacher