# **EXHIBIT A**



## COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

FERGUSON, LORI

V

LAKESHORE COMMUNITY SERVICES INC

NO. 2025-10496

### CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Erie County Court of Common Pleas. The information provided herein is used solely as an aid in tracking cases in the court system. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney: LORI FERGUSON, Pro Se

Self-Represented (Pro Se) Litigant ☐

**Class Action Suit**  ☐ Yes   ☒ No

**MDJ Appeal**  ☐ Yes   ☒ No

**Money Damages Requested** ☒

**Commencement of Action**:

Complaint

**Amount in Controversy**:

More than $50,000

## Case Type and Code

Contract:

Employment Dispute: Discrimination

**Other:**

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

LORI FERGUSON,
    Plaintiff

v.                                        Case No.: 2025-

LAKESHORE COMMUNITY SERVICES, INC.,
    Responding Party

## NOTICE TO DEFEND

TO:   Lakeshore Community Services, Inc.
       1350 West 26th Street
       Erie, PA 16508

    YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED. BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYERS REFERRAL SERVICE
429 West 6th Street
Erie, Pennsylvania 16507
(814) 459-4411

*[signature]*
Timothy D. McNair, Esquire
821 State Street
Erie, PA 16501
814-452-0700
814-454-5216

tmcnair@mcnairlaw.com

Case# 2025-10496-0 Received at Erie County Prothonotary on 02/20/2025 11:36 AM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

| | |
|---|---|
| LORI FERGUSON,<br>Plaintiff<br><br>v.<br><br>LAKESHORE COMMUNITY SERVICES, INC.,<br>Responding Party | Case No.: 2025-<br><br>COMPLAINT FOR DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED AND THE PENNSYLVANIA HUMAN RELATIONS ACT<br><br>Filed on behalf of: Plaintiff<br><br>Counsel of Record:<br><br>Timothy D. McNair, Esquire<br>PA ID No.: 34304<br>tmcnair@mcnairlaw.com<br><br>McNair Law Offices, PLLC<br>821 State Street<br>Erie, PA 16501<br>Phone: (814) 452-0700<br>Fax: (814) 454-2371<br><br>**JURY TRIAL DEMANDED** |

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA
CIVIL DIVISION - LAW

LORI FERGUSON,
    Plaintiff

v.                                                          Case No.: 2025-

LAKESHORE COMMUNITY SERVICES, INC.,
    Responding Party

## COMPLAINT FOR DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED AND THE PENNSYLVANIA HUMAN RELATIONS ACT

NOW COMES Lori Ferguson, by counsel and for her Complaint against Lakeshore Community Services, Inc., for violations of Title VII of the Civil Rights Act of 1964, as amended and the Pennsylvania Human Relations Act, as amended, respectfully represents:

1. Plaintiff is Lori Ferguson, residing at Erie, Erie County, Pennsylvania.

2. Defendant is Lakeshore Community Services, Inc. ("Lakeshore"), a Pennsylvania domestic nonprofit corporation maintaining its registered office and principal place of business at 1350 West 26th Street, Erie, Erie County, Pennsylvania 16508. Upon information and belief, Lakeshore Community Services has more than one hundred employees. Lakeshore is a private employer with fifteen or more employees in an industry affecting interstate commerce.

Case# 2025-10496-0 Received at Erie County Prothonotary on 02/20/2025 11:36 AM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

3. Plaintiff was employed by Lakeshore Community Services for more than eight years as a direct support professional and supervisor. She is qualified for the position by virtue of her education, training, and experience.

4. During her employment with Lakeshore, Plaintiff was promoted on two occasions, given multiple raises, and received maximum bonuses based on performance.

5. During her employment at Lakeshore, Plaintiff was continuously subjected to sexual advances by Dwight Nelson, a weekend supervisor. Mr. Nelson's harassment consisted of frequent verbal comments concerning Plaintiff's appearance, requests for Plaintiff to engage in sexual activity, and offensive touching of Plaintiff. Mr. Nelson also harassed the Plaintiff with a steady stream of text messages and Facebook Messenger messages referring to his desire to have sexual relations with Plaintiff. This occurred on over one hundred occasions over a period of several years.

6. Mr. Nelson's conduct was severe and pervasive, created a work environment that was intimidating, hostile, or offensive, and would be so to any reasonable person, based on sex.

7. Mr. Nelson and Plaintiff's supervisor would frequently appear, unannounced, at the residential group home supervised by Plaintiff during times when Nelson was not scheduled to be working. On occasion, Nelson would go to the home where Plaintiff was working unaccompanied. Another nearby house operated by Lakeshore did not receive the same attention.

8. Plaintiff addressed Mr. Nelson directly on several occasions, informing him that his conduct was unwelcome and demanding that it stop.

2

9. Plaintiff had been authorized to use a vehicle belonging to Lakeshore for a brief period of time while her vehicle, which had been damaged in a collision, was being assessed for damage.

10. Nelson was also permitted to use a company vehicle for personal use and used the vehicle to attend establishments where alcoholic beverages were served.

11. Prior to July 16, 2024, Plaintiff had on several occasions requested a meeting with Chris Waychoff, a Director, and Human Resources concerning her treatment by Nelson. Plaintiff made it abundantly clear to Mr. Waychoff that Mr. Nelson's behavior was offensive, uninvited, and distressing, and gave him examples of the harassment inflicted on her. By virtue of Plaintiff's conversations with Mr. Waychoff, Defendant was aware that she intended to lodge a harassment complaint against Nelson.

12. On July 16, 2024, Mr. Waychoff, after many inquiries by Plaintiff, scheduled a meeting with himself, Plaintiff, and the Human Resources department of Lakeshore.

13. The meeting was scheduled for a date in the near future. Plaintiff is unable to provide the exact date because her access to her Outlook calendar was terminated without prior notice to her. The meeting was to take place at Lakeshore's main building, rather than the building housing Plaintiff's supervisors.

14. On July 17, 2024, Plaintiff was approached by a Director, Natasha Letkowicz who told Plaintiff that she had been instructed by Karlyn Schultz, the CEO of Lakeshore, to get the vehicle from Plaintiff. Plaintiff turned the vehicle over despite not having transportation home.

3

15. On July 18, 2024, Plaintiff was to bring the "on call phone," a telephone used to communicate with on-call staff, to Lakeshore's office at 1350 West 26th Street. She was instructed to go to the Human Resources office.

16. On July 18, 2024, two days after she was finally able to schedule the meeting with the Director and Human Resources concerning the sexual harassment she had been subjected to, Plaintiff was suspended with pay.

17. On August 12, 2024, Plaintiff's employment with Lakeshore was terminated for the pretextual reason that she went to an establishment serving alcohol using a company vehicle. Lakeshore issued a "corrective action" which did not accurately state the facts and did not consider Plaintiff's explanation regarding the accusations made against her. There is no evidence that Plaintiff was consuming alcohol while at the establishment because she was not and did not.

18. Lakeshore's stated reason for terminating Plaintiff's employment was pretextual because Lakeshore was aware that Mr. Nelson also used a company vehicle for personal use and that he used the vehicle to attend establishments where alcohol was served. Alternatively, Lakeshore deliberately avoided investigation of Mr. Nelson's use of a company vehicle for personal use because it feared that it would disclose evidence that Mr. Nelson used the vehicle to go to establishments where alcohol was served.

19. Lakeshore's termination of Plaintiff's employment was done in preemptive retaliation for Plaintiff's stated intention to lodge a complaint of sexual harassment and hostile work environment against Dwight Nelson alleging serious and continuing acts of sexual harassment. Lakeshore took this action because Mr. Nelson is a long-term employee, has close relationships with the management of Lakeshore, and Lakeshore

4

thought it better to terminate Plaintiff's employment than to impose appropriate discipline on Mr. Nelson. Lakeshore further acted in an attempt to forestall the filing of a complaint by Plaintiff with an appropriate authority.

20. Lakeshore took the action of terminating Plaintiff's employment retaliation for the perceived threat of Plaintiff asserting her rights under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act and her opposition to Lakeshore's unlawful employment practice of permitting supervisory employees to persistently harass subordinates.

21. Plaintiff suffered significant inconvenience, mental anguish, and loss of enjoyment of life as the result of the sexual harassment and hostile work environment she endured.

22. As a result of Lakeshore's action, Plaintiff has sustained a loss of income of approximately $90,000 per year, as well as full benefits and 330 hours of PTO.

23. As the result of Lakeshore's actions taken in violation of Title VII of the Civil Rights Act of 1964, as amended and the Pennsylvania Human Relations Act, Plaintiff has lost her salary and benefits as well as suffering substantial mental anguish and other compensable damages.

24. Plaintiff has also suffered and continues to suffer from the stigma of having filed a complaint in that her subsequent employment was terminated upon Mr. Nelson's son informing that employer of her complaint against Lakeshore. She anticipates difficulty finding comparable work in her field due to the stigma of having filed this Complaint.

5

25. Plaintiff has satisfied the conditions precedent to the filing of this case by filing a complaint with the Equal Employment Opportunity Commission which issued a Notice of Right to Sue to Plaintiff within the past 90 days. Said complaint was cross-filed by the EEOC with the Pennsylvania Human Relations Commission.

## COUNT I

## LORI FERGUSON VS. LAKESHORE COMMUNITY SERVICES, INC – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

26. Plaintiff incorporates herein by reference the averments of the preceding paragraphs of this Complaint as though fully stated at length herein.

27. The actions of Defendant in terminating Plaintiff's employment were retaliatory in violation of Title VII of the Civil Rights Act of 1964, as amended.

28. By permitting the establishment and continuance of a hostile work environment, Defendant violated Title VII of the Civil rights Act of 1964, as amended.

29. As the result of Defendant's violations of Title VII, Plaintiff has suffered the damages set forth above.

WHEREFORE, Plaintiff respectfully demands judgment in her favor and against Defendant in an amount in excess of the maximum limit for mandatory arbitration in the Court of Common Pleas; including payment of compensatory damages in an appropriate amount; payment of reasonable attorney's fees and reimbursement of expenses to Plaintiff's counsel for representation of Plaintiff in this case; punitive damages in an appropriate amount to be paid by the Defendant to the Plaintiff; and such other and further relief as is just.

## TRIAL BY JURY OF TWELVE DEMANDED

## COUNT II

## LORI FERGUSON VS. LAKESHORE COMMUNITY SERVICES, INC – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

30. Plaintiff incorporates herein by reference the averments of Paragraphs 1 through 25 of this Complaint as though fully stated at length herein.

31. In making her complaint against Dwight Nelson, Plaintiff was engaging in protected activity within the meaning of the Pennsylvania Human Relations Act in that she complained to her employer about conduct prohibited by that Act, specifically that Nelson made unwelcomed advances to her.

32. As the result of Plaintiff's complaint, Lakeshore took adverse employment actions against her by suspending her employment for conduct that would not reasonably call for a suspension, acting in a hostile manner toward Plaintiff, and securing the termination of Plaintiff's employment.

33. The adverse employment actions taken against Plaintiff were in violation of Section 5(d) of the Pennsylvania Human Relations Act.

34. As a result of the retaliation taken against her, Plaintiff has suffered the damages set forth above.

WHEREFORE, Plaintiff respectfully demands judgment in her favor, in excess of the applicable limits for mandatory arbitration, for compensatory damages; payment of reasonable attorney's fees and reimbursement of expenses to Plaintiff's counsel for representation of Plaintiff in this case, punitive damages; and such other and further relief as the Court deems just.

Case# 2025-10496-0 Received at Erie County Prothonotary on 02/20/2025 11:36 AM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**TRIAL BY JURY OF TWELVE DEMANDED**

**COUNT III**

**LORI FERGUSON VS. LAKESHORE COMMUNITY SERVICES, INC – HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. 951, ET SEQ.**

35. Plaintiff incorporates herein by reference the averments of Paragraphs 1 through 25 of this Complaint as though fully stated at length herein.

36. The actions of Nelson in making unwanted advances to Plaintiff, his harsh treatment of Plaintiff after her complaint, and steps taken to terminate Plaintiff's employment constitutes a hostile work environment in violation of the Pennsylvania Human Relations Act, 43 P.S. §951 *et seq*.

37. As the result of the creation of the hostile work environment, Plaintiff suffered the damages set forth above.

WHEREFORE, Plaintiff respectfully demands judgment in her favor, in excess of the applicable limits for mandatory arbitration, for compensatory damages; payment of reasonable attorney's fees and reimbursement of expenses to Plaintiff's counsel for representation of Plaintiff in this case, punitive damages; and such other and further relief as the Court deems just.

**TRIAL BY JURY OF TWELVE DEMANDED**

8

Case# 2025-10496-0 Received at Erie County Prothonotary on 02/20/2025 11:36 AM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

|  |  |
| --- | --- |
| **CERTIFICATE OF COMPLIANCE**<br><br>I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.<br><br>*/s/ Timothy D. McNair*<br>Timothy D. McNair, Esquire | Respectfully submitted,<br><br>MCNAIR LAW OFFICES, PLLC<br><br>By: */s/ Timothy D. McNair*<br>Timothy D. McNair, Esquire<br>821 State Street<br>Erie, PA 16501<br>(814) 452-0700<br>(814) 454-2371 (fax)<br>tmcnair@mcnairlaw.com |

9

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

LORI FERGUSON,
    Plaintiff

v.

LAKESHORE COMMUNITY SERVICES, INC.,
    Responding Party

Case No.: 2025-

### VERIFICATION

I, Lori Ferguson, have read the foregoing Complaint and attest that the statements therein contained are accurate to the best of my knowledge, information, and belief. This verification is made subject to the provisions of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

Date: 2/20/25

_Lori Ferguson_
(Lori Ferguson)

# SHERIFF'S OFFICE OF ERIE COUNTY

**CHRIS CAMPANELLI**
*Sheriff*

**Jerry E. Lawrence**
*Chief Deputy*



*FORGED WITH PRIDE*

**MARTIN DAVIS**
*Captain*

**Robert G. Wolf**
*Sergeant*

---

LORI FERGUSON
vs.
LAKESHORE COMMUNITY SERVICES INC.

**Case Number**
2025-10496

## SHERIFF'S RETURN OF SERVICE

02/28/2025  11:07 AM - Sergeant Robert G. Wolf, being duly sworn according to law, served the requested Complaint in Civil Action (CICA) COMPLAINT FOR DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED AND THE PENNSYLVANIA HUMAN RELATIONS ACT by handing a true copy to a person representing themselves to be Kalise Flory - HR Assistant, who accepted as "Adult Person in Charge" for LAKESHORE COMMUNITY SERVICES INC. at 1350 W 26TH ST, ERIE, PA 16508.

*Robert G. Wolf* (signature)

ROBERT G. WOLF, SERGEANT

SHERIFF COST: $79.00

SO ANSWERS,

*(signature)*

February 28, 2025

CHRIS CAMPANELLI, Sheriff

---

Plaintiff Attorney: MCNAIR LAW OFFICES PLLC, 821 STATE ST, ERIE, PA 16501

(c) CountySuite Sheriff, Teleosoft, Inc.

Case# 2025-10496-0001 Received at Erie County Prothonotary on 2/28/2025 3:53 PM.

# SHERIFF'S OFFICE OF ERIE COUNTY

**CHRIS CAMPANELLI**
*Sheriff*

**Jerry E. Lawrence**
*Chief Deputy*



**FORGED WITH PRIDE**

**MARTIN DAVIS**
*Captain*

**Robert G. Wolf**
*Sergeant*

FERGUSON, LORI
vs.
LAKESHORE COMMUNITY SERVICES INC.

**Case Number**
2025-10496

## SERVICE COVER SHEET

EXP: 03/24/2025

**Service Details:**
- Category: Civil Action - Other
- Manner: Adult in Charge
- Expires: 03/24/2025
- Zone:
- Warrant:
- Notes:

1350 W 26TH ST, ERIE, PA 16508

**Serve To:**
- Name: LAKESHORE COMMUNITY SERVICES INC.
- Primary Address: 1350 W 26TH ST, ERIE, PA 16508
- Phone: DOB:
- Alternate Address:
- Phone:

**Final Service:**
- Served: Personally · **Adult In Charge** · Posted · Other
- Adult In Charge: Kalise Flory
- Relation: HR Assistant
- Date: 2/28/25
- Time: 1107
- Deputy: 43
- Mileage:

**Attorney / Originator:**
- Name: MCNAIR LAW OFFICES PLLC
- Phone: 814-452-0700

**Service Attempts:**

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Date: | | | | | | |
| Time: | | | | | | |
| Mileage: | | | | | | |
| Deputy: | | | | | | |

**Service Attempt Notes:**
1.
2.
3.
4.
5.
6.

Case# 2025-10496-0001 Received at Erie County Prothonotary on 2/28/2025 3:53 PM, LAKESHORE COMMUNITY 2025-10496

# OFFICE OF THE SHERIFF

ERIE COUNTY, PENNSYLVANIA
140 WEST SIXTH STREET • ERIE, PENNSYLVANIA 16501
814/451-6254    FAX 814/451-6323

| ERIE COUNTY SHERIFF'S SERVICE PROCESS RECORD | Please type or print legibly. |
|---|---|

**PLAINTIFF**: Lori Ferguson
**TERM AND NO.**: 2025- 10496

**DEFENDANT**: Lakeshore Community Services, Inc.
**TYPE OF WRIT**: Complaint

**SERVE**: NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Lakeshore Community Services, Inc.

**AT** ADDRESS: 1350 West 26th Street, Erie, PA 16508

SEND NOTICE OF SERVICE COPY TO NAME AND ADDRESS BELOW:
Timothy D. McNair, Esquire
McNair Law Offices, PLLC
821 State Street
Erie, PA 16501

SHOW number of this writ and total number of writs submitted. i.e., 1 of 1, 1 of 3, etc.
No. 1 of Total 1

*Check if applicable:*
☐ Serve Secretary of Commonwealth
☐ Deputized Service
☐ Publication
Special instructions required for all of the above

SHOW IN THIS SPACE BELOW ANY SPECIAL INSTRUCTIONS OR OTHER INFORMATION PERTINENT TO SERVING THE WRIT DESCRIBED ABOVE

Please serve the adult-in-charge of the above-referenced business at the above referenced address.

NAME AND SIGNATURE OF ATTORNEY OR OTHER ORIGINATOR: Timothy D. McNair
TELEPHONE NUMBER: (814) 452-0700
DATE: 2/20/2025

SPACE BELOW FOR USE OF SHERIFF ONLY - DO NOT WRITE BELOW THIS LINE

Show amount of prepared fees and sign →
DEPOSIT
DISTRICT TO SERVE

I acknowledge receipt for the total number of writs indicated and for the deposit (if applicable) shown.
SIGNATURE OF AUTHORIZED DEPUTY OR CLERK
DATE

OVERTIME AUTHORIZATION | DEPUTY | DATE AND TIME | AUTHORIZING ATTORNEY

☐ I hereby certify and return that I have personally served, have legal evidence of service, or have executed as shown in "REMARKS," the writ described on the individual, company, corporation, etc., at the address shown above on the individual, company, corporation, etc., at the address inserted below.

☐ I hereby certify and return that, after diligent investigation, I am unable to locate the individual, company, corporation, etc., named above within the bailiwick of Erie County, Pennsylvania.

NAME AND TITLE OF INDIVIDUAL SERVED (If not shown above)
☐ A person of suitable age then abiding in the defendant's usual place of abode

ADDRESS (Complete only if different than shown above)
FEE (If applicable) $    MILEAGE $

DATE(S) OF ENDEAVOR (Use remarks if necessary) | DATE OF SERVICE | TIME | AM PM | SIGNATURE OF SHERIFF OR DEPUTY

REMARKS

Case# 2025-10496-0001 Received at Erie County Prothonotary on 2/28/2025 3:53 PM