IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORI FERGUSON, | ) | |
|     Plaintiff | ) | |
| | ) | |
|     v. | ) | 1:25-cv-63 |
| | ) | |
| LAKESHORE COMMUNITY SERVICES, INC., | ) | |
| | ) | |
|     Defendant | ) | Electronically Filed |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant Lakeshore Community Services, Inc. (hereinafter "Lakeshore Community Services" or "Defendant"), by and through it counsel, MacDonald Illig Jones & Britton LLP, files the following Answer and Affirmative Defenses to the Complaint:

## ANSWER

1. Paragraph 1 is denied in that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

2. Paragraph 2 is admitted in part and denied in part. In further response, it is admitted that Lakeshore Community Services, Inc. is a Pennsylvania not for profit corporation with a registered office address of 1350 West 26th Street, Erie, Erie County, Pennsylvania. The remainder of Paragraph 2 states conclusions of law to which no response is required. To the extent a response is deemed to be necessary, Paragraph 2 is denied.

3. Paragraph 3 is denied as stated. In further response, plaintiff Lori Ferguson (hereinafter "Ferguson" or "Plaintiff") began her employment with Lakeshore Community Services on January 9, 2017 as a Direct Support Professional. On June 5, 2021, Ferguson was

promoted to a Direct Support Professional III position. Ferguson was terminated on August 12, 2024.

    4.    Paragraph 4 is denied. In further response, see Paragraph 3 above. Further, during the course of Ferguson's employment with Lakeshore Community Services, Ferguson received numerous oral and written warnings and suspensions for violations of Lakeshore Community Service's policies and procedures.

    5.    Paragraph 5 is denied. It is denied that Ferguson was subjected to any sexual advances and/or harassment by Dwight Nelson (hereinafter "Nelson"). Further, Nelson was not Ferguson's supervisor and had no supervisory responsibility over Ferguson. In further response, Defendant denies that it engaged in any unlawful employment practices against Ferguson.

    6.    Paragraph 6 is a conclusion of law to which no response is required. To the extent a response is deemed to be necessary, Paragraph 6 is denied. In further response, it is denied that Ferguson was subjected to any sexual advances and/or harassment by Nelson. Further, Nelson was not Ferguson's supervisor and had no supervisory responsibility over Ferguson. In further response, Defendant denies that it engaged in any unlawful employment practices against Ferguson.

    7.    Paragraph 7 is denied. In further response, Lakeshore Community Services is aware of only one occasion where Ferguson's supervisor and Nelson arrived unannounced at the residential group home during a time when Ferguson was working. This visit was in an effort to meet with an unrelated employee.

    8.    Paragraph 8 is denied. In further response, Lakeshore Community Services is not aware of any instance where Ferguson objected to Nelson's conduct, claimed that it was unwelcome, and/or demanded it to stop.

9.      Paragraph 9 is denied as stated. In further response, Ferguson was afforded permission to use Lakeshore Community Service's vehicle on only one occasion (i.e., one weekend). Further, Ferguson's termination was not simply due to her use of Lakeshore Community Service's vehicle, but for utilizing the vehicle for personal use, including to go to a bar on multiple occasions.

10.     Paragraph 10 is denied as stated. In further response, Nelson was afforded permission to use Lakeshore Community Service's vehicle during weekends during which he remained on call.

11.     Paragraph 11 is denied. In further response, on July 16, 2024, Ferguson contacted Christopher Waychoff, ID Director, to schedule a meeting between Ferguson, Mr. Waychoff, and Human Resources to discuss allegations of feeling targeted by Ferguson's supervisor and Nelson. The meeting was scheduled for July 26, 2024 at Mr. Waychoff's office. Lakeshore Community Services denies that Ferguson made any such inquiries prior to the July 16, 2024 contact to Mr. Waychoff.

12.     Paragraph 12 is denied. In further response, see Paragraph 11 above.

13.     Paragraph 13 is denied. In further response, see Paragraph 11 above. Further, Ferguson's access to her Outlook calendar was terminated, as is customary, during the investigation related to Ferguson's use of Lakeshore Community Services' vehicle.

14.     Paragraph 14 is admitted and denied in part. It is admitted that on July 17, 2024, Ferguson was approached by ID Director, Nitasha Letkiewicz, who told Ferguson she had been instructed by VP of ID Services, Karlyn Schultz to retrieve Lakeshore Community Services' vehicle from Ferguson and that in response, Ferguson turned the vehicle over to Ms. Letkiewicz.

Lakeshore Community Services is without sufficient information to know whether Ferguson had alternative transportation home and therefore, the remainder of Paragraph 14 is denied.

15. Paragraph 15 is admitted.

16. Paragraph 16 is denied as stated. In further response, on July 18, 2024, following an anonymous call received by Lakeshore Community Services regarding an employee having a Lakeshore Community Services' vehicle at a local bar, Ferguson met with Human Resources and the Director of Recruiting and Retention. On July 18, 2024, Ferguson was suspended with pay pending an investigation into her alleged inappropriate use of Lakeshore Community Services' vehicles.

17. Paragraph 17 is denied. In further response, Lakeshore Community Services' investigation revealed evidence, including admissions by Ferguson, that Ferguson utilized Lakeshore Community Services' vehicle to go to a bar on multiple occasions. The discharge of Ferguson for this reason was not pretext. Further, a Corrective Action was issued that accurately reflected the facts and did take into account Ferguson's position. In further response, Defendant denies that it engaged in any unlawful employment practices against Ferguson.

18. Paragraph 18 is denied. In further response, Lakeshore Community Services' investigation revealed that Nelson did not use Lakeshore Community Services' vehicle to visit bars for several hours in the middle of the night, as Ferguson did. Further, see Paragraph 17 above. In further response, Defendant denies that it engaged in any unlawful employment practices against Ferguson.

19. Paragraph 19 is denied. In further response, see Paragraphs 17 and 18 above. Further, Lakeshore Community Services' investigation revealed that Ferguson and Nelson engaged in outside of work communications that were personal in nature and there was never any indication

4

by Ferguson that such communications were unwelcome. In further response, Defendant denies that it engaged in any unlawful employment practices against Ferguson.

20. Paragraph 20 is denied. In further response, Nelson was not Ferguson's supervisor and had no supervisory responsibility over Ferguson. Further, see Paragraphs 17 and 19 above. In further response, Defendant denies that it engaged in any unlawful employment practices against Ferguson.

21. Paragraph 21 is a conclusion of law to which no response is required. To the extent a response is deemed to be necessary, Paragraph 21 is denied. In further response, Defendant denies that it engaged in any unlawful employment practices against Ferguson. Defendant further denies liability for any injuries or damages allegedly sustained by Ferguson.

22. Paragraph 22 is a conclusion of law to which no response is required. To the extent a response is deemed to be necessary, Paragraph 22 is denied. In further response, Defendant denies that it engaged in any unlawful employment practices against Ferguson. Defendant further denies liability for any injuries or damages allegedly sustained by Ferguson.

23. Paragraph 23 is a conclusion of law to which no response is required. To the extent a response is deemed to be necessary, Paragraph 23 is denied. In further response, Defendant denies that it engaged in any unlawful employment practices against Ferguson. Defendant further denies liability for any injuries or damages allegedly sustained by Ferguson. In further response, Defendant denies that Ferguson has asserted a cognizable or valid claim under Title VII of the Civil Rights Act, the Pennsylvania Human Relations Act, or otherwise.

24. Paragraph 24 is denied in that Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments. In further response, Defendant denies that it engaged in any unlawful employment practices against Ferguson. Defendant further denies

liability for any injuries or damages allegedly sustained by Ferguson. In further response, Defendant denies that Ferguson has asserted a cognizable or valid claim under Title VII of the Civil Rights Act, the Pennsylvania Human Relations Act, or otherwise.

25. Paragraph 25 is admitted in part and denied in part. It is admitted only that Ferguson dual-filed Charge No. 533-202-03032 with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") and a Determination and Notice of Rights to Sue was dated January 27, 2025. Defendant denies that Ferguson has asserted a cognizable or valid claim under Title VII of the Civil Rights Act, the Pennsylvania Human Relations Act, or otherwise.

## COUNT I

## Lori Ferguson v. Lakeshore Community Services, Inc.

## Alleged Violation of Title VII of the Civil Rights Act of 1964, as Amended

26. Defendant incorporates Paragraphs 1 through 25 above as though set forth at length herein.

27. Paragraph 27 is a conclusion of law to which no response is required. To the extent a response is deemed to be necessary, Paragraph 27 is denied. In further response, defendant Lakeshore Community Services denies that Ferguson's termination was retaliatory and/or that Lakeshore Community Services engaged in any unlawful employment practices against Ferguson.

28. Paragraph 28 is a conclusion of law to which no response is required. To the extent a response is deemed to be necessary, Paragraph 28 is denied. In further response, defendant Lakeshore Community Services denies that Ferguson was subjected to a hostile work environment

and/or that Lakeshore Community Services engaged in any unlawful employment practices against Ferguson.

29. Paragraph 29 is a conclusion of law to which no response is required. To the extent a response is deemed to be necessary, Paragraph 29 is denied. In further response, defendant Lakeshore Community Services denies that it engaged in any unlawful employment practices against Ferguson. Defendant further denies liability for any injuries or damages allegedly sustained by Ferguson. In further response, Defendant denies that Ferguson has asserted a cognizable or valid claim under Title VII of the Civil Rights Act, the Pennsylvania Human Relations Act, or otherwise.

The WHEREFORE clause set forth under Count I of the Complaint does not constitute an allegation to which a response is required under Rule 8 of the Federal Rules of Civil Procedure. To the extent a response is deemed to be necessary, the WHEREFORE clause is denied. In further response, defendant Lakeshore Community Services denies that Ferguson has asserted a cognizable or valid claim under Title VII of the Civil Rights Act, the Pennsylvania Human Relations Act, or otherwise. Defendant Lakeshore Community Services further denies it is liable for any alleged injuries, damages or equitable relief with respect to any of the claims set forth in the Complaint or otherwise.

WHEREFORE, defendant Lakeshore Community Services, Inc., requests that judgment be entered in its favor and against plaintiff Lori Ferguson with respect to all claims set forth in the Complaint, together with an award of fees, expenses and costs of suit.

## COUNT II

**Lori Ferguson v. Lakeshore Community Services, Inc.**

**Alleged Violation of the Pennsylvania Human Relations Act**

30.     Defendant incorporates Paragraphs 1 through 29 above as though set forth at length herein.

31.     Paragraph 31 is a conclusion of law to which no response is required. To the extent a response is deemed to be necessary, Paragraph 31 is admitted in part and denied in part. It is admitted that Ferguson's alleged complaint is a protected activity. The remainder of Paragraph 31 is denied. In further response, Nelson was not Ferguson's supervisor and had no supervisory responsibility over Ferguson. Further, Lakeshore Community Services' investigation revealed that Ferguson and Nelson engaged in outside of work communications that were personal in nature and there was never any indication by Ferguson that such communications were unwelcome. In further response, Defendant denies that it engaged in any unlawful employment practices against Ferguson.

32.     Paragraph 32 is a conclusion of law to which no response is required. To the extent a response is deemed to be necessary, Paragraph 32 is denied. In further response, Lakeshore Community Services' investigation revealed evidence, including admissions by Ferguson, that Ferguson utilized Lakeshore Community Services' vehicle to go to a bar on multiple occasions. The discharge of Ferguson for this reason was not pretext. In further response, Defendant denies that it engaged in any unlawful employment practices against Ferguson.

33.     Paragraph 33 is a conclusion of law to which no response is required. To the extent a response is deemed to be necessary, Paragraph 33 is denied. In further response, defendant Lakeshore Community Services denies that Ferguson's termination was in violation of the

Pennsylvania Human Relations Act and/or that Lakeshore Community Services engaged in any unlawful employment practices against Ferguson.

34.     Paragraph 34 is a conclusion of law to which no response is required.  To the extent a response is deemed to be necessary, Paragraph 34 is denied.  In further response, defendant Lakeshore Community Services denies that it engaged in any unlawful employment practices against Ferguson. Defendant further denies liability for any injuries or damages allegedly sustained by Ferguson.  In further response, Defendant denies that Ferguson has asserted a cognizable or valid claim under Title VII of the Civil Rights Act, the Pennsylvania Human Relations Act, or otherwise.

The WHEREFORE clause set forth under Count II of the Complaint does not constitute an allegation to which a response is required under Rule 8 of the Federal Rules of Civil Procedure. To the extent a response is deemed to be necessary, the WHEREFORE clause is denied.  In further response, defendant Lakeshore Community Services denies that Ferguson has asserted a cognizable or valid claim under Title VII of the Civil Rights Act, the Pennsylvania Human Relations Act, or otherwise.  Defendant Lakeshore Community Services further denies it is liable for any alleged injuries, damages or equitable relief with respect to any of the claims set forth in the Complaint or otherwise.

WHEREFORE, defendant Lakeshore Community Services, Inc., requests that judgment be entered in its favor and against plaintiff Lori Ferguson with respect to all claims set forth in the Complaint, together with an award of fees, expenses and costs of suit.

## COUNT III

**Lori Ferguson v. Lakeshore Community Services, Inc.**

**<u>Alleged Hostile Work Environment in Violation of the Pennsylvania Human Relations Act</u>**

35. Defendant incorporates Paragraphs 1 through 34 above as though set forth at length herein.

36. Paragraph 36 is a conclusion of law to which no response is required. To the extent a response is deemed to be necessary, Paragraph 36 is denied. In further response, Nelson was not Ferguson's supervisor and had no supervisory responsibility over Ferguson. Further, Lakeshore Community Services' investigation revealed that Ferguson and Nelson engaged in outside of work communications that were personal in nature and there was never any indication by Ferguson that such communications were unwelcome. In further response, Defendant denies that it engaged in any unlawful employment practices against Ferguson.

37. Paragraph 37 is a conclusion of law to which no response is required. To the extent a response is deemed to be necessary, Paragraph 37 is denied. In further response, defendant Lakeshore Community Services denies that it engaged in any unlawful employment practices against Ferguson. Defendant further denies liability for any injuries or damages allegedly sustained by Ferguson. In further response, Defendant denies that Ferguson has asserted a cognizable or valid claim under Title VII of the Civil Rights Act, the Pennsylvania Human Relations Act, or otherwise.

The WHEREFORE clause set forth under Count III of the Complaint does not constitute an allegation to which a response is required under Rule 8 of the Federal Rules of Civil Procedure. To the extent a response is deemed to be necessary, the WHEREFORE clause is denied. In further

response, defendant Lakeshore Community Services denies that Ferguson has asserted a cognizable or valid claim under Title VII of the Civil Rights Act, the Pennsylvania Human Relations Act, or otherwise. Defendant Lakeshore Community Services further denies it is liable for any alleged injuries, damages or equitable relief with respect to any of the claims set forth in the Complaint or otherwise.

WHEREFORE, defendant Lakeshore Community Services, Inc., requests that judgment be entered in its favor and against plaintiff Lori Ferguson with respect to all claims set forth in the Complaint, together with an award of fees, expenses and costs of suit.

## **AFFIRMATIVE DEFENSES**

38. Defendant incorporates Paragraphs 1 through 37 above as though set forth at length herein.

## **FIRST DEFENSE**

39. Plaintiff Ferguson fails to state claims against Defendant upon which relief can be granted, including but not limited to claims under Title VII of the Civil Rights Act and/or the Pennsylvania Human Relations Act

## **SECOND DEFENSE**

40. Plaintiff Ferguson failed to timely invoke and/or exhaust the required administrative procedures under the under Title VII of the Civil Rights Act of 1964 and/or the Pennsylvania Human Relations Act with respect to some or all of her claims.

## **THIRD DEFENSE**

41. Some or all of the claims set forth in the Complaint are barred by the applicable limitations period(s) and/or the defense of laches.

**FOURTH DEFENSE**

42. Some or all of the claims set forth in the Complaint are barred by the defense of waiver and/or estoppel.

**FIFTH DEFENSE**

43. Defendant is entitled to a setoff or credit against Plaintiff Ferguson's damages claim for any earnings and/or benefits which Plaintiff received or should have received had she mitigated her damages.

**SIXTH DEFENSE**

44. The Complaint fails to state a claim against Defendant upon which an award of punitive damages may be based.

45. The imposition of punitive damages against Defendant would violate the applicable provisions of the Constitutions and statutes of the United States of America and the Commonwealth of Pennsylvania.

**SEVENTH DEFENSE**

46. The Complaint fails to state claims against Defendant upon which an award of compensatory damages may be based.

**EIGHTH DEFENSE**

47. The Complaint fails to state claims against Defendant upon which an award of attorneys' fees and/or costs may be based.

**NINTH DEFENSE**

48. Dwight Nelson was not Plaintiff Ferguson's supervisor as contemplated under Title VII of the Civil Rights Act of 1964 and/or the Pennsylvania Human Relations Act.

**TENTH DEFENSE**

49. Plaintiff Ferguson unreasonably failed to take advantage of any preventive or corrective opportunities provided by her employer, defendant Lakeshore Community Services.

50. Plaintiff Ferguson failed to report any complaints of alleged harassment and/or hostile work environment to Defendant at any time during her employment until her July 16, 2024 communication to Mr. Waychoff.

51. Defendant was unaware and otherwise without notice or knowledge of Plaintiff Ferguson's complaints of alleged harassment and/or hostile work environment prior to July 16, 2024.

52. Defendant had comprehensive anti-harassment policies and complaint procedures which it communicated to all employees, including Plaintiff Ferguson.

53. Defendant exercised reasonable care to investigate, prevent and correct any alleged harassment or inappropriate conduct following Plaintiff Ferguson's complaints.

54. Prior to her termination from employment, at no time did Plaintiff Ferguson object or express any lack of consent to any of the conduct now alleged.

55. Plaintiff Ferguson cannot demonstrate that the alleged harassment and/or hostile work environment affected her job performance.

56. The alleged conduct does not give rise to an actionable harassment cause of action under any statute and/or common law due to the absence of severe and pervasive conduct.

**ELEVENTH DEFENSE**

57. Plaintiff Ferguson was terminated not as a result of any investigation related to allegations of harassment and/or inappropriate conduct but due to her unauthorized use of Lakeshore Community Services' vehicle in violation of Defendant's policies.

## **RESERVATION TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES**

58. Defendant reserves the right to assert additional defenses to the claims set forth in the Complaint at such time and to such extent as warranted by pretrial discovery or other developments in this civil action and as otherwise permitted by law, rule and/or this Honorable Court.

WHEREFORE, defendant Lakeshore Community Services, Inc., requests that judgment be entered in its favor and against plaintiff Lori Ferguson with respect to all claims set forth in the Complaint, together with an award of fees, expenses and costs of suit.

A TRIAL BY JURY IS HEREBY DEMANDED.

Respectfully submitted,

*/s/ Jamie R. Schumacher*
Jamie R. Schumacher
PA ID 318873
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7613
jschumacher@mijb.com

Attorneys for Defendant
  Lakeshore Community Services, Inc.

1925064

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 9, 2025 the foregoing Answer and Affirmative Defenses was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic case filing system and constitutes service of this filing under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. Parties may access this filing through the Court's ECF system.

                                                */s/ Jamie R. Schumacher*
                                                  Jamie R. Schumacher