IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI FERGUSON,<br>          Plaintiff,<br><br>vs.<br><br>LAKE SHORE COMMUNITY<br>SERVICES, INC.,<br>          Defendant. | Civil Action No.     1:25-cv-00063-SPB<br><br>District Judge Susan Paradise Baxter |

**STANDING ORDER
ON CIVIL MOTION PRACTICE**

The following procedures are to be followed in civil cases assigned to this Court. These practice standards supplement the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Western District of Pennsylvania. In the event there is an inconsistency between the Local Rules and these practice standards, the terms of this Order control. This Order supersedes any prior Order on these matters in this action and is applicable to all pending civil proceedings unless otherwise ordered by this Court.

1. **Practices and Procedures** – Counsel must familiarize themselves with the Practices and Procedures of the undersigned available through the Court's website at www.pawd.uscourts.gov. Counsel will be held responsible for complying with these practices and procedures. These will be updated periodically.

2. **Consent to Jurisdiction of a Magistrate Judge -** At any time, the parties may consent to the jurisdiction of a Magistrate Judge by filing the Joint Consent to Jurisdiction form available on the Court's website at www.pawd.uscourts.gov/forms.

3. **Rescheduling** – The Court generally disfavors the rescheduling of hearings. However, if rescheduling becomes necessary, any motion for rescheduling must contain alternative dates and times which are available for <u>all</u> parties. In the event that the parties seek rescheduling by way of phone rather than by motion, all parties shall be on the line and must have their calendars in front of them.

4. **Motions – Generally**

   A. **Hyperlinking -** The use of hyperlinks is strongly encouraged and must comply with the hyperlinking protocol in the Court's Electronic Case Filing Policies and Procedures.

   B. **Line Spacing, Font and Pagination –** All motions and briefs must be double-spaced and cannot use a font smaller than twelve (12). Pagination is required for all motions and briefs.

   C. **Proposed Orders -** In accordance with Local Rules, each and every motion shall be accompanied by a separate proposed Order of Court which shall include language detailing the specific relief sought and not simply that the motion "is granted."

   D. **Briefs -** Briefs in support of a motion shall be filed contemporaneously with all motions except discovery motions, motions for extension of time, and motions for continuance, for which no briefs are required.

   E. **Response deadlines for non-dispositive motions -** Unless otherwise ordered, responses to all non-dispositive motions shall be filed within **ten (10) calendar days** of service. Because, generally, a separate briefing order will not be issued, the contention that a party failed to respond because a party was awaiting a briefing order will not pass muster.

    F. **Courtesy Copies –** If any brief together with appendices or exhibits equals or exceeds seventy-five (75) pages, a courtesy paper copy of the brief and appendices or exhibits shall be furnished to the Court on the same day that the brief and appendices or exhibits are electronically filed. The courtesy copy should be three-hole punched and placed in one or more standard black presentation binder(s) (no thicker than three (3) inches in depth). The binder's front cover and spine should be labeled with the case name, case number, and the subject matter of the materials, along with clear identification of the ECF number of the document to which it relates, and the filing party. Counsel should not submit any other courtesy copies unless requested by the Court.

5. **Motions to Dismiss**

    A. **Certificate of Conferral -** Because motions pursuant to Federal Rule of Civil Procedure 12(b) are discouraged if the pleading defect is curable by amendment, the Court requires that the parties meet and confer prior to the filing of a motion to dismiss to determine whether it can be avoided. The duty to meet and confer extends to parties appearing pro se, but does not apply to incarcerated pro se litigants. Motions to dismiss that do not contain the required certification shall be summarily denied. A non-moving party's non-compliance with this Order, including a failure to timely engage in the meet-and-confer process, may result in the imposition of sanctions, including the denial of leave to amend. The parties shall endeavor not to oppose motions to amend the pleadings that are filed prior to the Initial Case Management Conference (ICMC), or within the time set forth in the parties' Rule 26(f) Report and/or the Court's Rule 16 Case Management Order.

- B. **Page Limitations -** Briefs in support of and responsive briefs thereto are limited to twenty-five (25) pages in length. Reply briefs may be filed without leave of court, are limited to five (5) pages, and should be narrowly tailored to address only those matters newly raised in the response brief. Surreply briefs are strongly discouraged and may only be filed with leave of Court.
- C. **Response deadlines -** Responses to a motion to dismiss shall be filed within **twenty (20) calendar days** and Reply briefs shall be due within **five (5) calendar days**. Because, generally, a separate briefing order will not be issued, the contention that a party failed to respond because a party was awaiting a briefing order will not pass muster.

6. **Motions for summary judgment**

    - A. **Page Limitations** - Supporting and responsive briefs are limited to twenty-five (25) pages in length, excluding exhibits and Concise Statements submitted in support of, or in opposition to, summary judgment motions. Reply briefs may be filed without leave of court, are limited to five (5) pages in length, and should be narrowly tailored to address only those matters newly raised in the response brief. Surreply briefs are strongly discouraged and may only be filed with leave of Court.
    - B. **Response Deadlines** - As per Local Rule 56, opposition filings to motions for summary judgment shall be filed within **thirty (30) calendar days** of service. Local Rules provide for Reply brief without leave of Court to be filed within **fourteen (14) calendar days** of service. Because, generally, a separate briefing order will not be issued, the contention that a party failed to respond because a party was awaiting a briefing order will not pass muster.

C.  **Concise Statements -** Strict compliance with the provisions of Local Rule 56 is required. Every motion for summary judgment and supporting brief, if based on the affirmative proof of facts, **shall be accompanied by a Concise Statement of Material Facts** not in dispute. This statement shall contain numbered paragraphs setting forth all of the facts supporting the motion which are necessary for its resolution. Each factual assertion shall cite to evidentiary materials accompanying the motion. There is no page limitation for Concise Statements.

Documents referenced in the Concise Statement shall be included in a separate appendix. The evidentiary materials included in the appendix shall be limited to the amount necessary to support the motion.

D.  **Responsive Concise Statements** - Each party opposing a motion for summary judgment shall file in addition to its brief in opposition, **a response to the moving party's Concise Statement of Material Facts**. In paragraphs corresponding to those of the Concise Statement, the opposing party shall state whether the facts listed are disputed. For any disputed fact, the opposing party shall cite to evidentiary material demonstrating the dispute and attach such evidentiary material in an Appendix. **When responding to the Concise Statement of Material Facts, the responding party must include a reprint of each original fact statement, followed by the response, seriatim.** There is no page limitation for Responses to Concise Statements.

The Responsive Concise Statement may also contain any other material facts, set forth in separately numbered paragraphs with appropriate citation to the evidentiary material contained in the Appendix, that are necessary for the Court to determine the motion for summary judgment.

    Any new material fact raised in the Responsive Concise Statement must be addressed by the opposing party in the same manner as the Responsive Concise Statement addressed the material facts raised in the Concise Statement and shall be filed within fourteen (14) calendar days of service. See Local Rule 56.

    E. **Admission of Material Facts -** As provided by Local Rule 56, alleged material facts set forth in the moving party's Concise Statement of Material Facts or in the opposing party's Responsive Concise Statement, which are claimed to be undisputed, will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate responsive concise statement of the opposing party.

7. **Discovery -** Discovery motions should be extremely brief and must be accompanied by a telephone call to Chambers where a conference to resolve the motion will be scheduled by the Courtroom Deputy so that the case does not become stalled. The discovery at issue should be attached to the motion. No brief in support shall be filed.

8. **Service of this Order –** As soon as practicable, Plaintiff(s) shall promptly serve a copy of this Order upon Defendant(s).

    **IT IS SO ORDERED.**

                                                  /s/ Susan Paradise Baxter
                                                  SUSAN PARADISE BAXTER
                                                  United States District Judge

Dated: April 16, 2025