IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI FERGUSON,<br>    Plaintiff | )<br>)<br>) |
| v. | )   1:25-cv-63<br>) |
| LAKESHORE COMMUNITY SERVICES,<br>INC.,<br>    Defendant | )<br>)<br>)   ELECTRONICALLY FILED |

### Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

1. **Identification of counsel and unrepresented parties:**

   Timothy McNair, Esquire
   PA 34304
   McNair Law Offices, PLLC
   821 State Street
   Erie, Pennsylvania 16501
   (814) 918-3377
   tmcnair@mcnairlaw.com

   *Attorneys for Plaintiff*
   *Lori Ferguson*

   Jamie R. Schumacher, Esquire
   PA 318873
   MacDONALD, ILLIG, JONES & BRITTON LLP
   100 State Street, Suite 700
   Erie, Pennsylvania 16507-1459
   (814) 870-7613
   (814) 454-4647 FAX
   jschumacher@mijb.com

   *Attorneys for Defendant,*
   *Lakeshore Community Services, Inc.*

2. **Set forth the general nature of the case:**

   This is an employment case. Plaintiff asserts claims of hostile work environment and retaliation/wrongful termination under Title VII of the Civil Rights Act of 1964, as amended and the Pennsylvania Human Relations Act. Defendant denies Plaintiff's claims and/or any liability under same.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

   The Rule 26(f) Conference was held April 24, 2025. The attorneys who participated were Timothy McNair, Esq. and Jamie R. Schumacher, Esq.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court**:

   Not yet scheduled per Order dated April 16, 2025 (ECF 8).

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

   An Answer has been filed by Lakeshore Community Services, Inc. (ECF 3). Accordingly, no dispositive motions pursuant to Fed. R. Civ. P. 12 are anticipated that this time.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

   The parties have discussed and agreed upon early neutral evaluation with Honorable Kenneth J. Benson (Ret.) and have scheduled same for June 27, 2025.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

   No changes are proposed.

8. **Subjects on which fact discovery may be needed:**

   The parties will conduct discovery concerning all claims and defenses asserted in the Complaint and Defendant's Answer and Affirmative Defenses thereto. The parties anticipate discovery on issues of liability and damages through interrogatories, document requests, exchange of electronically stored information and depositions.

9. **Set forth suggested dates for the following:**

   a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

      May 13, 2025

   b. **Date by which any additional parties shall be joined:**

      May 23, 2025

   c. **Date by which the pleadings shall be amended:**

      May 23, 2025

  **d.**  **Date by which fact discovery should be completed:**

  September 19, 2025

  **e.**  **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

  The parties wish to conduct fact discovery prior to any expert discovery.

  **f.**  **Date by which plaintiff's expert reports should be filed:**

  The parties would request a Post-Fact Discovery Status Conference to be scheduled to discuss deadlines for the remainder of the items herein.

  **g.**  **Date by which depositions of plaintiff's expert(s) should be completed:**

  The parties would request a Post-Fact Discovery Status Conference to be scheduled to discuss deadlines for the remainder of the items herein.

  **h.**  **Date by which defendants' expert reports should be filed:**

  The parties would request a Post-Fact Discovery Status Conference to be scheduled to discuss deadlines for the remainder of the items herein.

  **i.**  **Date by which depositions of defendants' expert(s) should be completed:**

  The parties would request a Post-Fact Discovery Status Conference to be scheduled to discuss deadlines for the remainder of the items herein.

  **j.**  **Date by which third party expert's reports should be filed:**

  The parties would request a Post-Fact Discovery Status Conference to be scheduled to discuss deadlines for the remainder of the items herein.

  **k.**  **Date by which depositions of third party's expert(s) should be completed:**

  The parties would request a Post-Fact Discovery Status Conference to be scheduled to discuss deadlines for the remainder of the items herein.

**10.**  **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

No changes are proposed.

11. **Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):**

    a.    **ESI: Is either party seeking the discovery of ESI in this case?**

           ☒ Yes    ☐ No [If "No," skip to sub-part (e) below.]

    b.    **ESI Discovery Plan: The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:**

        ☒ Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by September 19, 2025

        ☐ Have developed an ESI discovery plan (as attached).

        ☐ Will have an ESI discovery plan completed by _____.

    c.    **Preservation: Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?**
        ☐ Yes    ☒ **No**

        However, counsel for the parties have issued litigation hold instructions to their respective clients.

    d.    **ADR: Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?**
        ☐ Yes    ☒ No

    e.    **Clawback Agreement: The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:**

        ☒ Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report. *The Court has already entered same via Order dated April 16, 2025 (ECF 5).*
        ☐ Have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.
        ☐ Are unable to agree on appropriate non-waiver language.

    f.    **EDSM and E-Mediator**: Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at **http://www.pawd.uscourts.gov.**
☐ Yes      ☒ No

    g.    **Other**: Identify all outstanding disputes concerning any ESI issues:

None at this time. However, the parties reserve the right to revisit this issue and will endeavor to cooperate and reach agreements should the need arise.

**12.** **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):**

The parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery.

    a.    **Settlement and/or transfer to an ADR procedure;**

Not applicable.

    b.    **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**

Not applicable.

    c.    **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

Not applicable.

    d.    **Dates by which parties' pre-trial statements should be filed;**

Not applicable.

    **e.**    **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

Not applicable.

    **f.**    **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

Not applicable.

    **g.**    **Dates proposed for final pre-trial conference;**

Not applicable.

    **h.**    **Presumptive and final trial dates.**

Not applicable.

**13.**    **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

None anticipated.

**14.**    **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

Not necessary.

**15.**    **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

Not applicable.

**16.**    **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

The parties have discussed the possibility of settlement, and have agreed to Early Neutral Evaluation as set forth above.

Respectfully submitted,

| | |
|---|---|
| s/_Timothy McNair_____ | s/_Jamie R. Schumacher_____ |
| Timothy McNair, Esquire | Jamie R. Schumacher, Esquire |
| PA 34304 | PA 318873 |
| McNair Law Offices, PLLC | MacDONALD, ILLIG, JONES & BRITTON LLP |
| 821 State Street | 100 State Street, Suite 700 |
| Erie, Pennsylvania 16501 | Erie, Pennsylvania 16507-1459 |
| (814) 918-3377 | (814) 870-7613 |
| tmcnair@mcnairlaw.com | (814) 454-4647 FAX |
| | jschumacher@mijb.com |
| *Attorneys for Plaintiff* | |
| *Lori Ferguson* | *Attorneys for Defendant,* |
| | *Lakeshore Community Services, Inc.* |

1926753

## CERTIFICATE OF SERVICE

I certify that on May 14, 2025, the foregoing Fed. R. Civ. P. 26(f) Report of the Parties was filed electronically with the Clerk of Court, using the CM/ECF system.  Notice of this filing will be sent to all parties who have appeared of record by operation of the Court's ECF system and constitutes service of this filing under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. Those parties may access this filing through the Court's ECF system.



*s/Jamie R. Schumacher*
Jamie R. Schumacher